[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-14340
Non-Argument Calendar

————————————————

D.C. Docket No. 7:18-cv-00189-WLS

HELEN ROSEBERRY,

Plaintiff-Appellant,

versus

APPLE, INC.,
BEST BUY,
VERIZON,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia

————————————————

(September 16, 2021)

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Helen Roseberry, proceeding *pro se*, appeals the district court's dismissal without prejudice of her *pro se* civil complaint for failure to state a claim upon which relief can be granted. On appeal, Mrs. Roseberry argues that the district court's decision was unfair and failed to consider the facts of the case. Because Mrs. Roseberry has failed to sufficiently articulate her grounds for appeal, we affirm the district court's dismissal.

**I**

This lawsuit stems from Mrs. Roseberry's purchase and use of two Apple computers from Best Buy in September of 2017. In her complaint and subsequent "supplement," Mrs. Roseberry alleged that on January 7, 2018, one or both of the purchased computers "overheated[,]…spraying smell[ ]y fumes and heat out from the base of the computer, while making a loud high pitch sound" and "sprayed out carcinogenic agents [ ] [s]uch as asbestos and [b]eryllium." D.E. 1 at 3, 5. When Mrs. Roseberry attempted to shut down the computer, she allegedly suffered physical injuries, including, burns and scars to her hands, loss of her bottom teeth, and damage to her respiratory system, lungs, mouth, eyes, and thyroid glands. These injuries require ongoing medical care and prevented her from working for a year. *See id.* at 3, 9, 15.

2

Mrs. Roseberry then sent one of the computers to Apple for repair. The "Product Repair Summary" from AppleCare shows that the logic board was replaced because it was "unusually hot," the fan assembly was replaced because of an abnormal sound, and the heat sink was replaced because of a "thermal module issue." *See id.* at 13. Mrs. Roseberry alleged that Apple violated their obligations under the Apple Care Service contract and "violated [her] personal information" by "request[ing] copies of all medical record[s] to offer a settlement." *See id.* at 15.

Mrs. Roseberry also alleged that when she contacted Verizon, her internet provider, a Verizon employee expressed dislike for Apple products. Thereafter Verizon "willfully refused to monitor the computer performance on the internet because of verbal expressed dislike for Apple [p]roducts," D.E. 29 at 2, "suppress[ed] the digital frequency need[ed] for quality performance…caus[ing] the computer to run poorly," D.E. 23 at 1, and "locked [her] Verizon on a global plan[,] costing [her over $90 [per] month in data overage." D.E. 1 at 6.

Based on these allegations, Mrs. Roseberry asserted state-law claims of product liability, negligence, breach of contract, invasion of privacy, libel, and slander against Best Buy, Apple, and Verizon. She sought injunctive relief and "unlimited recovery" in the form of compensatory, consequential, incidental, liquidated, and punitive damages. *See id.* at 3, 9, 15; D.E. 5 at 2–3.

3

Best Buy and Apple filed a joint motion to dismiss under Rule 12(b)(6) for failure to state a claim. The district court granted the motion, dismissing all claims without prejudice.[1]

In dismissing the products liability claims, the district court ruled that Mrs. Roseberry failed to plead facts "establishing a 'built-in objective standard or norm of proper manufacture' against which her computer can be compared," or "that the defect in the computers existed at the time the computers were sold." D.E. 36 at 5–6. Moreover, she had "not alleged any facts regarding the computer's specific design, the probability and seriousness of risk posed by that particular design, or the manufacturer's steps taken to mitigate or eliminate such risks." *See id*. In dismissing the negligence claims, the district court ruled that Mrs. Roseberry "failed to allege facts that could plausibly meet all elements of negligence and…failed to allege the factual detail required to plead a plausible claim for negligence." *Id.* at 6. In dismissing the breach of contract claim, the district court ruled that Mrs. Roseberry had "not identified any particular provision of a specific agreement that was allegedly breached, nor has she alleged what specifically Apple or any other Defendant did that breached an agreement." *Id.* at 7.

---

[1] Service of process had not yet been effected on Verizon at the time Apple and Best Buy filed their motion to dismiss.

The district court dismissed the invasion of privacy claim because Mrs. Roseberry did "not allege that any Defendant reviewed her data without her knowledge—on the contrary, [she] suggests that she voluntarily sent Apple her personal information at Apple's request." *Id.* The district court dismissed the slander/libel claim because it "[found] no allegation that any Defendant made statements about Plaintiff that were false, let alone in a publication, let alone with malice." *Id.* at 8.

Mrs. Roseberry now appeals.

## II

We review the district court's grant of a motion to dismiss for failure to state a claim *de novo*. *See Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). In reviewing such a motion, we accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *See id.*

Rule 12(b)(6) provides for a dismissal of a complaint that fails to state a claim upon which relief can be granted. In order to avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(a)(2) provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is

and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks and ellipsis omitted). Pleadings that only offer labels and conclusions or a mere recitation of the elements of a cause of action are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although *pro se* pleadings are liberally construed and held to less stringent standards than those drafted by attorneys, they still must suggest some factual basis for a claim. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

Although we liberally construe the pleadings of *pro se* litigants, we still require conformity with procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted).

Arguments not raised on appeal, even by *pro se* litigants, are deemed abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). *See also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (stating that an appellant must clearly and specifically identify in her brief any issue she wants the appellate court to address). An appellant also abandons a claim when (1) she makes only passing reference to it; (2) she raises it in a "perfunctory manner without supporting arguments and authority;" (3) she refers to it only in the

6

"statement of the case" or "summary of the argument"; or (4) the references to the issue are mere background to her main arguments. *See id.* at 681–82.

## III

Here, Mrs. Roseberry has abandoned any challenges to the district court's rulings that she failed to allege facts that could plausibly meet all of the elements of her claims. Indeed, she fails to raise any argument on appeal expressly challenging the merits of the district court's dismissal order.

In her appeal, Mrs. Roseberry has a "Statement of Claims" page which appears to lay out her primary issues on appeal. The page reads as follows:

Statement of Claims

1. My issues on appeal are: I am requestin[g] an appeal to overturn the p[re]vious decision based on the Judge W. Louis Sands SR. findings I believe his was unfair. His decision was also prejudice and he did not consider the facts concerning the defective computer and the harm it ha[s] inflicted upon me.

2. If this decision is allow[ed] to stand it will destroy and take precedence over all other cases under the consumer Protection Act and our Constitutional Laws will be challenged also. It will endanger other laws such as the Uniform Act that protect[s] the consumer from defective products injuries. The lower court did not adequately review and consider the fact as they were presented. Example (receipt of purchase and the repair receipt) he did not consider the proof of support contract I purchase[d] for three years.[).]

Appellant's Br. at 12. Mrs. Roseberry goes on to identify three facts that she alleges the district court did not consider:

7

1. The defective product, and the supportive documents
2. The injury the computer cause[d] me physically damage that's permanent. And the exposure to fume from the computer over processing. Apple have refuse[d] to identify the toxic fume I was exposed to.
3. The unfair manner Apple treated the entire issue right from the beginning.

*Id.* Though she does go on to specify other facts and statutes relevant to her claims that she either believes were not considered or to elaborate the factual theory behind her claims, these references fail to provide further guidance on the issues she is appealing and are abandoned to the extent that they were not raised before the district court. *See id.* at 12–14.

Mrs. Roseberry's primary objection appears to be that the decision was "unfair" and that the district court did not "adequately review and consider the facts." Even construing the brief liberally, as we do with a *pro se* litigant, this is insufficient to alert us of the grounds for appeal. At best, these are "passing reference[s]" and are being raised in a "perfunctory manner without supporting arguments and authority." *See Sapuppo*, 739 F.3d at 681–82. While a legal argument could perhaps be crafted from this and the numerous supporting documents, to do so would be "to rewrite an otherwise deficient pleading in order to sustain an action," and we are barred from doing so by our precedent. *See Campbell*, 760 F.3d at 1168–69.

## IV

We affirm the district court's order of dismissal.

**AFFIRMED.**